IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARGARETTA M. HENDERSON and BRYANT K. WILLIAMS, JR., | ) ) ) |
| **Plaintiffs,** | ) ) ) Case No. 3:23-CV-1117-MAB |
| vs. | ) ) |
| TIA MITCHELL and ADONIS J. JACKSON, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the "Response" that Plaintiffs filed to the Court's Order denying Ms. Henderson's motion for counsel (Doc. 27; *see* Doc. 25).

Plaintiffs have filed three motions for counsel. The first was denied because they did not provide any financial information to demonstrate that they were indigent and qualified for recruitment of counsel (Doc. 8). The second and third motions—which were considered only as to Ms. Henderson because she was the only one who signed the motions and provided financial information—were denied after the Court determined that she was not indigent (Doc. 17, pp. 3–5; Doc. 25, pp. 2–3).

After the third motion for counsel was denied, Plaintiff Henderson filed a "response" to the Court's Order, contending that she thinks the Court should recruit counsel for her because she was out of work for six months following the accident and

not making any money during that time (Doc. 27, p. 2).[1] Additionally, attached to the "response" is a letter from the Social Security Administration verifying the amount of Plaintiff Bryant Williams' monthly benefits (Doc. 27-1).

The Court construes the "Response" as a motion to reconsider the denial of Plaintiffs' request for counsel. A court has inherent power to reconsider interlocutory orders at any time prior to the entry of final judgment. *E.g., Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); FED. R. CIV. P. 54(b). That being said, reconsideration of an interlocutory order is only appropriate when a court has misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error not of reasoning but of apprehension, or where a significant change in the law or the facts has occurred since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 795 (7th Cir. 2018) ("[M]otions to reconsider exist to spare parties and courts unnecessary appeals.")

Here, Plaintiffs have not provided the Court with a convincing reason to reconsider the denial of the motions for counsel. While Ms. Henderson may have been out of work for six months following the accident in December 2022, the financial information that she provided to the Court in September 2023—after she had gone back

---

[1] The "Response" was not verified, meaning Ms. Henderson did not declare under penalty of perjury that the factual allegations were true and correct (*see* Doc. 27; *compare with* Docs. 6, 10, 11, 20). *See also* 28 U.S.C. § 1746 (setting forth requirements for an unsworn declaration).

to work (*see* Doc. 10)—demonstrated that she was not indigent (*see* Doc. 17, p. 4). As the Court has previously explained, it does not have any authority to recruit counsel for a litigant who is not indigent (Doc. 17, p. 4; Doc. 25, p. 2). And it will not act as a lawyer finding service for a litigant, like Ms. Henderson, who is able and willing to pay for an attorney but simply cannot find one to represent her (*see* Doc. 25, p. 2).

Additionally, the letter regarding Mr. Williams' monthly Social Security benefits does not change the Court's determination. It is just one piece of Mr. Williams' financial situation (*see, e.g.,* Doc. 10). He did not provide any other information, context, or explanation. Therefore, the Court still does not have the full picture regarding his financial situation and cannot make a determination as to whether he is indigent and qualifies for recruitment of counsel.

Accordingly, the "Response" (Doc. 27), construed as a motion to reconsider is **DENIED.**

**IT IS SO ORDERED.**

**DATED: February 2, 2026**

                                                       <u>s/ Mark A. Beatty</u>
                                                       **MARK A. BEATTY**
                                                       **United States Magistrate Judge**