**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARGARETTA   HENDERSON   and   )
BRYANT WILLIAMS, JR.,                     )
                                                           )
        **Plaintiff,**                                )
                                                           )   **Case No. 23-CV-1117-DWD**
vs.                                                       )
                                                           )
TIA MITCHELL and ADONIS        )
JACKSON,                                          )

        **Defendants.**

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court for the purpose of screening Plaintiffs' First Amended Complaint. (Doc. 26). Because Plaintiffs paid the full filing fee for this action, the complaint is not subject to screening under the *in forma pauperis* statute, 28 U.S.C. § 1915(e). Nevertheless, the Court possesses inherent authority to screen complaints filed by all litigants, prisoner and non-prisoner alike, regardless of fee status. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

Upon review, the Court finds that the First Amended Complaint fails to state a federal claim upon which relief may be granted. Accordingly, the First Amended Complaint will be dismissed. Further, as explained more fully below, the Court concludes that further amendment would be futile, and Plaintiffs will not be granted leave to file a second amended complaint.

## I.   BACKGROUND

Plaintiffs Margaretta Henderson and Bryant Williams filed this *pro se* action pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights arising from a motor vehicle accident that occurred on December 24, 2022. (*see* Doc. 1). They named Adonis Jackson, who was the driver of the other vehicle involved in the accident, and Tia Mitchell, who was one of the East St. Louis police officers that responded to the scene of the accident, as Defendants. (Doc. 1).

The case was originally assigned to Magistrate Judge Mark Beatty. On June 6, 2024, the Magistrate Judge identified several deficiencies in the Complaint, including that it was unsigned and that the allegations failed to state a constitutional claim against Defendants. (Doc. 17). Plaintiffs were advised that, unless they timely filed an amended complaint, the Magistrate Judge would recommend dismissal of the case. (Doc. 17).

Plaintiffs missed their deadline to file an amended complaint, and the Magistrate Judge issued a Report and Recommendation, recommending that the case be dismissed for lack of prosecution. (Doc. 18). Both Plaintiffs filed objections to the Report and Recommendation, along with a third motion for recruitment of counsel. (Docs. 21, 22).

The matter was assigned to the undersigned judge. Upon review, the undersigned judge sent the matter back to the Magistrate Judge to consider whether the information contained in Plaintiffs' Objections, which was unavailable at the time the Report and Recommendation was entered, warranted the imposition of a new deadline for Plaintiffs to file a First Amended Complaint. (Doc. 23). The Magistrate Judge determined that Plaintiffs should get a second chance to file an amended complaint but denied Plaintiffs'

motion for recruitment of counsel. (Doc. 25). Plaintiffs filed their First Amended Complaint on February 3, 2025. (Doc. 26), along with a "response" to the Court's Order denying their motion for counsel. (Doc. 27).

On February 2, 2026, given the procedural posture of the case and Judge Beatty's limited authority to resolve dispositive issues in the absence of Defendants' consent, the case was fully reassigned to the undersigned district judge. (Doc. 29).

## II.   APPLICABLE STANDARD

To state a cognizable claim under the federal notice pleading standard, Rule 8(a)(2) requires only that the complaint provides a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A complaint need not contain detailed factual allegations to meet that standard," *Brockett v. Effingham Cnty., Illinois*, 116 F.4th 680, 685 (7th Cir. 2024), but it must contain enough facts, that if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombley*, 550 U.S. at 555)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.

2010). But they do not have to "include every detail or fact related to the basis of her allegations." *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018). They only "nee[d] to include 'enough details . . . to present a story that holds together.'" *Id.* (quoting *Swanson*, 614 F.3d at 404).

In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *E.g.*, *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020). Additionally, because the complaint in this matter was filed *pro se*, it is construed liberally and held to a less stringent standard than a pleading drafted by a lawyer. *Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

### III.    DISCUSSION

#### A. Allegations

Plaintiffs make the following allegations in the First Amended Complaint: On December 24, 2022, Ms. Henderson was driving her vehicle with Mr. Williams as a passenger, when they were involved in a head-on collision in front of the East St. Louis Police Department and City Hall. (Doc. 26, p. 6). Ms. Henderson made a complete stop at a stop sign and waited for a few seconds, hesitating to proceed because she observed a pickup truck ahead in the oncoming lane that was sitting with its headlights off. (*Id.*). She eventually proceeded and "the truck came full speed in front of [her] with theyre [sic] headlights off," then flipped the headlights on, and rammed into the front of her vehicle.

4

(*Id.*). The driver of the pickup truck, Adonis Jackson, then turned his vehicle around and started intentionally ramming the rear of it into Ms. Henderson's vehicle several more times. (*Id.*).

Plaintiffs allege that Ms. Henderson's vehicle was "destroy[ed]" and they were both "traumatiz[ed]." (*Id.* at pp. 5, 6). They do not indicate that Mr. Williams suffered any other injuries. (*see* Doc. 26),[1] while Ms. Henderson was "completely destroy[ed] with a busted knee." (Doc. 26, p. 6). They also attached pictures showing injuries to Ms. Henderson's head and face. (Doc. 26-1), and alleged that she is still suffering from headaches and dizziness (Doc. 26, p. 5). Additionally, the damages requested suggest that Ms. Henderson received treatment at a hospital, had to undergo physical therapy, and was out of work for six months. (*see id.*).

Officer Tia Mitchell of the East St. Louis Police Department was one of the officers who responded to the scene. (Doc. 26, p. 2). Plaintiffs allege that Officer Mitchell violated the Fourth Amendment when she "searched [Ms. Henderson's] vehicle and found a firearm in [her] purse in the back of [the] trunk with Christmas gifts" and then "took [the] firearm." (*Id.* at p. 6; *see also id.* at p. 1).[2] Plaintiffs allege that Officer Mitchell did not search

---

[1] The Court notes this is a departure from the original complaint, where Plaintiffs alleged that Mr. Williams suffered injuries to his leg and knee. (Doc. 1, p. 5).

[2] The Court notes that the Incident Report authored by Officer Mitchell and attached to the original complaint states:

> Officer Q. Barnett informed me that he observed a small firearm in Henderson's purse. I advised Officer Barnett to check the status of the firearm after he took possession of it because Henderson did not have a conceal and carry license, only a FOID card. Officer Barnett checked the status of the firearm, and it returned clear. I advised Officer Barnett to book the firearm into safekeeping at the station, because Henderson wanted to go to the hospital.

(Doc. 1-1, p. 3; *see also id.* at p. 8).

Adonis Jackson's vehicle for "any drugs, alcohol, etc. to determine what made him" cause the collision and then repeatedly ram their vehicle (*Id.*). Plaintiffs allege Officer Mitchell's decision not to search Adonis Jackson's vehicle was "very unfair and unjust in the situation" and "showed indifference towards [them]" (*Id.*). Finally, Plaintiffs allege that Officer Mitchell violated the Fourteenth Amendment Due Process clause by failing to properly investigate the "crime." (*Id.* at pp. 6–7).

**B. Analysis**

As with the original complaint, the First Amended Complaint reflects Plaintiffs' dissatisfaction with the manner in which the East St. Louis Police Officers handled the accident scene. These allegations, however, remain insufficient to state a plausible constitutional violation.

Plaintiffs previously asserted a Fourth Amendment claim against Officer Mitchell. (*see* Doc. 1, p. 5). Upon review, the Magistrate Judge explained that the claim was deficient because Plaintiffs alleged no search or seizure. (Doc. 17, p. 7). In the First Amended Complaint, Plaintiffs now allege that Officer Mitchell unlawfully searched Ms. Henderson's vehicle and purse and unlawfully seized her firearm. (Doc. 26).

The Fourth Amendment protects people from unreasonable searches and seizures by the government. U.S. CONST. amend. IV. As a general rule, "[w]arrant-less searches are per se unreasonable" but there are "a few carefully defined exceptions." *Neita v. City of Chicago,* 830 F.3d 494, 498 (7th Cir. 2016) (citing *Arizona v. Gant*, 556 U.S. 332, 338 (2009)). For example, and potentially relevant to the case here, officers may conduct a warrantless search or seizure if the individual voluntarily consents to it or if it is necessary to ensure

the safety of the officers or the public. *See, e.g.*, *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973) (discussing consent exception to warrant requirement); *United States v. Bishop*, 338 F.3d 623, 628 (6th Cir. 2003) ("In delineating the contours of the Fourth Amendment . . . the Supreme Court has recognized several exceptions that acknowledge the need for police officers to protect themselves and the public from violence in circumstances where it would not be practical to require the officer to secure a warrant and where probable cause may be lacking."). *See also United States v. King*, 990 F.2d 1552, 1561 (10th Cir. 1993) (holding Fourth Amendment permitted officer at the scene of a motor vehicle accident to order driver out of car and to temporarily seize his firearm in order to ensure her own safety, even if driver lawfully possessed firearm); 430 ILL. COMP. STAT. 66/10 (h) and (h-1) (requiring concealed carry license holder to disclose that there is a firearm in the vehicle if that information is requested by the officer and permitting officer to secure the firearm for the duration of the stop or contact).

Here, Plaintiffs broadly allege that the search of Ms. Henderson's vehicle/purse and the seizure of her firearm were unlawful, but they do not ground their claim in any facts. (*see* Doc. 26). For example, Plaintiffs do not allege any basic information about how the search came about or why they believe Officer Mitchell's actions were unlawful. (*see id.*). Plaintiff's vague allegations of a search and seizure strike the Court as "just as consistent with lawful conduct" as they are "with wrongdoing." *Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009) (holding that plaintiff's allegations were "too vague to provide notice to defendants of the contours of his § 1983 action."). In fact, the documents Plaintiffs attached to their original complaint suggest that Mitchell's actions were indeed

consistent with lawful conduct. (*see* Doc. 1-1, pp. 3, 8).[3] Without something more, Plaintiffs' allegations are simply too vague to allow the Court to draw the reasonable inference that Officer Mitchell's search of Ms. Henderson's vehicle/purse and seizure of her firearm were unreasonable, and they have thus failed to state a Fourth Amendment claim.

As for Plaintiffs' allegations that the search was unfair and unjust because Officer Mitchell only searched their vehicle and did not also search Adonis Jackson's vehicle (Doc. 26), this language is suggestive of an Equal Protection claim. Because Plaintiffs do not claim unequal treatment due to membership in any protected class (e.g., race, national origin, sex, etc.) or based on the exercise of a fundamental right, their allegations can only be conceptualized as a "class-of-one" equal protection claim. *Greenwald Fam. Ltd. P'ship v. Mukwonago*, 100 F.4th 814, 822 (7th Cir. 2024).

The crux of a class-of-one claim is that the government has "arbitrarily and irrationally single[d] out one person for poor treatment." *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012)). *See also Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019) ("The classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen.'") (citation omitted). The two main prongs of a class-of-one equal protection claim are well-stablished: a plaintiff must allege (1) that they were "intentionally treated

---

[3] A "plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

differently from others similarly situated," and (2) "that there is no rational basis for the difference in treatment." *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (7th Cir. 2021) (citing *Geinosky*, 675 F.3d at 747); *accord Greenwald*, 100 F.4th at 822 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

While Plaintiffs point to Adonis Jackson as the similarly situated person who was treated differently, they falter on the second element. The question the Court must focus on with respect to the second element is whether the complaint "eliminate[s] any reasonably conceivable state of facts that could provide a rational basis for" the difference in treatment between Plaintiffs and Jackson. *D.B. ex rel. Kurtis B. v. Kopp,* 725 F.3d 681, 686 (7th Cir. 2013) (citation omitted). In other words, Plaintiffs are required to "present a set of facts that plausibly depict official action utterly unsupported by a rational basis," *Frederickson*, 943 F.3d at 1060, meaning the officers' actions had "no conceivable legitimate purpose." *Geinosky*, 675 F.3d at 748. Here, the police report filed in conjunction with the original complaint reveals a legitimate and proper purpose for the difference in treatment: one of the officers observed a handgun in Ms. Henderson's purse but she did not have a conceal and carry license. (*see* Doc. 1-1, pp. 3, 8). By supplying a rational basis for the officers' actions, Plaintiffs "have pleaded themselves out of court." *Indiana Land Tr. #3082 v. Hammond Redevelopment Comm'n*, 107 F.4th 693, 698 (7th Cir. 2024) (citing *Kopp*, 725 F.3d at 686).

With respect to Plaintiffs' assertion that Officer Mitchell violated the Fourteenth Amendment Due Process clause by neglecting her duty to investigate the "crime" (Doc. 26, pp. 6–7), there is no constitutional right to have the police investigate an incident or

9

make an arrest. *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989) (holding that the Constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (noting that an individual "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."); *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) (explaining that the right to due process "has never been understood to be a right to police assistance . . . ").

In sum, Plaintiffs have alleged insufficient facts to support any constitutional claim against Officer Mitchell. The First Amended Complaint is devoid of any specific allegations demonstrating that Officer Mitchell violated Plaintiffs' constitutional rights. Mere dissatisfaction with how an officer responded to an accident scene does not state a viable constitutional claim.

As for Defendant Adonis Jackson, the First Amended Complaint, like the original complaint, contains no facts suggesting that Jackson qualifies as a "state actor" subject to liability under 42 U.S.C. § 1983. *See Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019) (Private actors "cannot usually be sued under § 1983,").

Absent such allegations, Jackson is not a proper defendant in this federal civil-rights action.

To the extent that Plaintiffs' allegations could be construed as attempting to assert state-law claims, the Court lacks subject-matter jurisdiction over them. Because Plaintiffs have failed to state a viable federal claim, supplemental jurisdiction is unavailable. *See* 28 U.S.C. § 1367(c)(3). Diversity jurisdiction is likewise absent, as the complaint contains no allegations establishing that the parties are completely diverse and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' federal claims are **DISMISSED** for failure to state a claim upon which relief may be granted. Plaintiffs' state law claims, if any, are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

The Court has also considered whether Plaintiffs should be granted leave to file a second amended complaint. Although Federal Rule of Civil Procedure 15(a) generally favors allowing amendment when a complaint is dismissed, leave need not be granted when further amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Plaintiffs have already been given one opportunity to amend their complaint to cure the deficiencies identified in the original pleading. The First Amended Complaint essentially restates the same allegations, expressing dissatisfaction with the manner in which police officers handled the accident scene, without adding facts that could support

a constitutional claim. Under these circumstances, the Court concludes that further amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

Accordingly, the dismissal of Plaintiffs' federal claims is with prejudice and without leave to further amend. The dismissal of Plaintiffs' state law claims is without prejudice to Plaintiffs' right to pursue those claims in state court. *See Curry v. Advoc. Bethany Hosp.*, 204 F. App'x 553, 558 (7th Cir. 2006) ("The district court properly dismissed the pendant state-law tort claims without prejudice because the federal claims were dismissed at screening."). The Clerk is **DIRECTED** to close the case and to enter judgment accordingly.

**SO ORDERED.**

Dated: April 15, 2026

/s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge